UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 22-365 (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAMION KENT HALLMON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANT'S MEMORANDUM IN CONNECTION WITH PRETRIAL MOTIONS** |

Defendant Damion Hallmon, through undersigned counsel, hereby submits this Memorandum in fulfillment of the Court's order filed on January 25, 2023 (Dkt. No. 28 - text only) which requires Defense counsel to withdraw his pretrial motions or file substantive memoranda in support of the motions by February 1, 2023. The defense specifically objects to the requirement to file additional memoranda because the motions on their face meet the requirements of the applicable rules and are otherwise sufficient. In addition, this Memorandum provides further context for the pretrial motions.

## I. SUBSTANTIVE MEMORANDA ARE UNNCESSARY.

The Court's text order (Dkt. No. 28) asserts that defense motions filed as Dkt. Nos. 24-27 were filed in contravention of the previously issued Order on Case Management Discovery Issues at Dkt. No. 17. The Order is erroneous because 1) two of the motions did not violate the Case Management Order, and 2) the Court lacks authority to require memoranda for all motions to suppress where the applicable court rules do not contain any such requirement.

The Order on Case Management Discovery Issues provides that "If defendant files a Motion to Suppress, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b). " (Dkt. No. 17 at 1). This provisions implicitly requires the defendant to file a memorandum in support of a motion to suppress evidence. There is no provision in the Case Discovery Management Order requiring a memorandum in support of other pretrial motions. Dkt. Nos. 26 and 27 are not suppression motions but discovery motions. The filing of these motions without any supporting memoranda does not violate any provision of any order. It is unclear why there would be an additional requirement imposed on the defense based on an order that does not set forth any such requirement.

In response to the defense's previously filed Objection to the text order, the District Court Judge speculated on possible reasons for including the discovery motion in the order. (Dkt. No. 29 at 3).[1] The district judge did not interpret the text order to require memoranda in support of the discovery motions but to suggest that the motions may not be "appropriate." ( Id.) The judge pointed out that the Case Management Discovery Order addresses disclosure of grand jury transcripts which was also the subject of one of the defense discovery motions. The defense, however, deliberately filed the motion for disclosure of grand jury transcripts because the Case Management Order requires

[1] Although the District Court Judge overruled the defense objection to the text order, she did not make an explicit legal ruling on the issues raised, while inviting the defense to engage with the Magistrate Judge in the first instance. (Dkt. No. 29 at 3-4).

disclosure of grand jury transcripts 28 days before trial, (Dkt. No. 17 at Sections 5 and 9), whereas the defense motion requests disclosure of grand jury transcripts in advance of the motion hearing with respect to any witnesses that the government calls to testify at the motion hearing. (Dkt. No. 27). The defense also filed a broad ranging motion for discovery, (Dkt. No. 26), which set forth requests that are not addressed in the Case Management Discovery Order but the defense believes are obtainable under the Fifth Amendment Right to Due Process.[2]

A significant and potentially far-reaching error in the Court's requirements to file substantive memoranda is that it is an unnecessary requirement that is not authorized by any rule. There is no rule that requires the filing of a memorandum in support of any motion in a criminal case. The Case Discovery Management Order cites Fed. R. Crim. P. 47(b) in support of its invented requirement, but this rule contains no such requirement. Rule 47(b) provides, "A motion—except when made during a trial or hearing—must be in writing, unless the court permits the party to make the motion by other means. A motion must state the grounds on which it is based and the relief or order sought. A motion may be supported by affidavit." There is clearly no requirement that a supporting memorandum be filed. The only requirements are that the motion be in writing if not made during a trial or hearing, and that it states the grounds and the relief sought. The

[2] Undersigned counsel specifically did not file his usual motions for disclosure of expert witnesses, exculpatory evidence, Rule 404(b) evidence, Jencks Act materials, informants, and for agents to retain rough notes because these issues were addressed in the Case Management Discovery Order.

defense motions meet these requirements, and the Magistrate Judge's text order fails to specify how any of the motions fall short of the Rule's requirements.

The defense motion to suppress evidence from the stop and search of Defendant's vehicle on August 28, 2022 (Dkt. No. 24) clearly specifies that it is seeking to suppress evidence from the stop, search, and seizure of his vehicle on the grounds that there was in sufficient cause to stop the vehicle, prolong the stop, and to search the vehicle and items contained in the vehicle. Ideally undersigned counsel would have also stated that these intrusions constituted Fourth Amendment violations but these motions are so commonplace that the court and the government will know that the issues are based on the Fourth Amendment. The Motion clearly meets the requirements of Rule 47(b) and provides notice of the issues being raised and the relief sought.

The defense motion to suppress statements (Dkt. No. 25) specifies that is is seeking to suppress statements from interrogations of the Defendant during his detention by law enforcement on August 28-29, 2022 based on the lack of a valid waiver of his Miranda rights. This motion also clearly meets the requirements of Rule 47(b) by providing the grounds upon which it is based and the relief sought.

The Court's ad hoc requirement that supporting memorandum be filed with any motions to suppress is not only unsupported by the Rule cited but contravenes the Rule. Rule 47(b) is worded in a manner that deliberately limits the requirements for motions in criminal cases. The inclusion of an option to file an affidavit helps make clear that

nothing in writing beyond the motion itself is required. The advisory committee note explains,

> This rule is substantially the same as the corresponding civil rule (first sentence of Rule 7(b)(1), Federal Rules of Civil Procedure) [28 U.S.C., Appendix], except that it authorizes the court to permit motions to be made orally and does not require that the grounds upon which a motion is made shall be stated "with particularity," as is the case with the civil rule.

Notes of Advisory Committee on Rules - 1944, n. 1. The purposeful admission of the requirement for civil motions that grounds be stated with particularity make clear that Rule 47(b) was not intended to require significant detail, explanation or authority, much less a memorandum. The allowance that motions in criminal cases can even be made orally at a trial or hearing further makes clear that substantial written detail is not required. See also United States v. Perez, 603 F.3d 44, 49 (D.C. Cir. 2010)(recognizing "oral motions to suppress are expressly authorized under Federal Rule of Criminal Procedure 47(b)")

It is also noteworthy that the Local Rules require that memoranda be filed in support of civil motions, but there is no such requirement for criminal motions. L.R. 7.1(b, c). The Magistrate Judge's requirement of a memorandum contravenes both the Rule of Criminal Procedure that it cites and this District's requirements for criminal motions.

The defense objects to the requirement that a memoranda be filed with its pretrial motions not for the purpose of nitpicking about the rules or to avoid extra work. The

defense objects because the requirement imposes an undue burden and unnecessary disadvantage. Submission of a detailed memorandum prior to the pretrial motions hearing will reveal to the government the defense theories as to how the Defendant's constitutional rights were violated, thereby enable to the government to prepare its law enforcement agents' testimony accordingly. The defense is entitled under the Rules not to have to telegraph its arguments to the government and its agents before they present testimony, but to confront them with the pertinent issues through questioning at the time of the hearing. The Rules merely require the defense to provide sufficient notice to the government to enable it to respond to any motions, which the defense has done in this case. There is no requirement to brief the issues in advance of the hearing. It does not make sense that the defense would be required to make substantial arguments in support of suppression in advance of the hearing because it is the government's burden to establish that it acted constitutionally with respect to any Fourth Amendment intrusions or interrogations implicating the Fifth and Sixth Amendments.[3] See eg. United States v. Adler, 590 F.3d 581, 583 (8th Cir. 2009); United States v. Andrews, 454 F.3d 919, 922 (8th Cir.2006); Miranda v. Arizona, 384 U.S. 436, 475, 86 S. Ct. 1602, 1628, 16 L. Ed. 2d 694 (1966).

---

[3] It should also be noted that defense counsel was not in a position to fully detail the grounds for suppression at the time of the motion deadline in the instant case because he had not yet received from the government its video and audio recordings of the Defendant's encounters with police officers. The defense chose not to move for an extension based on his understanding from many prior cases that he was not required to provide detailed written justifications for his motions.

## II. THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS SUPPRESSION MOTIONS.

Although the defense should not be required to do so under the rules, further explanation is hereby provided for the defense motions to suppress evidence from his stop, search and seizure, and interrogations.

### A. Stop, Search and Seizure of Defendant and His Vehicle.

On August 28, 2022, Defendant was driving his vehicle with his fiance and their young children as passengers in the City of Bloomington. According to police report, video, and testimony in a prior state court hearing,[4] police officers stopped Mr. Hallmon's vehicle, claiming that he illegally had an air freshener hanging from his front mirror, and that the registered owner of the vehicle had a suspended license. After effecting the vehicle stop, officers did not just address the issue of the air freshener or Mr. Hallmon's suspended license, but also required identification information for his fiance, required Mr. Hallmon and his fiance to get out of the vehicle, searched Mr. Hallmon, and searched the vehicle and his fiance's closed handbag on the front seat of the vehicle. They found a gun in the fiance's purse. The detention lasted about a half hour before finding the gun.

Mr. Hallmon challenges the constitutionality of the stop of his vehicle, the prolonged detention, the search of his person, and the search of the vehicle and handbag

---

[4] State authorities previously charged Mr. Hallmon with illegal firearms possession arising from the same incident. About two weeks before Mr. Hallmon's trial was scheduled in that case, the federal government obtained an Indictment against Mr. Hallmon in the instant case.

and purse inside, as violations of the Fourth Amendment prohibitions on unreasonable searches and seizures without a warrant. As previously stated, the government has the burden to establish probable cause that a traffic violation occurred in order to justify a vehicle stop. Adler, 590 F.3d at 583; Andrews, 454 F.3d at 922. A further prolonged investigative stop is only permissible only where there is a particularize and objective basis to suspect criminal activity, United States v. Cortez, 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), and "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); see also Rodriguez v. United States, 135 U.S. 1609, 135 S.Ct. 1609, 1614, 191 L.Ed.2d 492 (2015). A search of the vehicle is only permitted if there is probable cause to believe that there is evidence of criminal activity inside the vehicle. United States v. Caves, 890 F.2d 87, 89 (8th Cir. 1989). The defense puts the government to its burden of proof with respect to every stage of its intrusions on Mr. Hallmon's Fourth Amendment rights.

**B. Interrogation of Mr. Hallmon**

Although police officers determined that Mr. Hallmon had a suspended drivers license after the stop and could arrest him, they continued to question him about his destination, the children and alleged drug use. After the gun was found, Mr. Hallmon's fiance told the police that the gun belonged to Hallmon, and Mr. Hallmon had been detained for almost a half hour, a police officer approached Mr. Hallmon, stated that they

were going to talk "man-to-man", and asked Mr. Hallmon who owned the gun. Police officers had not read Mr. Hallmon his Miranda rights at any time, and his statements must therefore be suppressed. [5] He was then taken to jail.

The following day while Mr. Hallmon was in jail, a police investigator came to take his DNA sample pursuant to a warrant. During the taking of the sample, the officer initiated conversation with Mr. Hallmon. Any of that conversation should be inadmissible.

As previously stated, it is the government's burden to establish a valid waiver of a defendant's constitutional rights in connection with an interrogation. Miranda v. Arizona, 384 U.S. at 475, 86 S. Ct. at 1628, "Custodial interrogation" is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Thompson v. Keohane, 116 S.Ct. 457, 463 (1995) (quoting Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966)). The court must make an objective determination whether there was a "formal arrest or restraint on freedom of movement." Id. at 465. Where a suspect is in custody,

> has generally focused on an examination of (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to

---

[5] The state court judge ruled that the questioning of Mr. Hallmon about the gun constituted an illegal interrogation, and his statements about the gun were therefore inadmisssible.

> official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990). The officer's questioning of Mr. Hallmon about his connection to the gun was clearly interrogation, and the evidence will demonstrate that he was not free to leave. Mr. Hallmon is entitled to an evidentiary hearing on whether he was illegally interrogated during his interactions with police.

**CONCLUSION**

Although Mr. Hallmon was not properly required to file a memorandum, the foregoing nevertheless demonstrates that his pretrial motions are all proper, and that he is entitled to an evidentiary hearing on his two motions to suppress evidence.

Dated: January 31, 2023

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com