UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-CR-365 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Damion Kent Hallmon, | |
| Defendant. | |

---

The Court held a final pretrial conference in this matter on October 25, 2023 and issued bench rulings on the parties' motions in limine and Defendant Damion Kent Hallmon's motion to dismiss the indictment. This Order is intended only to memorialize the Court's decisions.

**I.      The Government's Motions in Limine**

**A.  Motion in Limine Nos. 1–4 (ECF 112)**

The government seeks four evidentiary rulings in limine. First, the government asks the Court to preclude the defense from offering or referring to any hearsay statements of Mr. Hallmon in the presence of the jury under Fed. R. Evid. 802. This motion was granted in part to the extent that the government seeks to introduce limited information about the events leading to the search of Mr. Hallmon's vehicle. The Court reserved ruling on the motion to the extent the rule of completeness requires admission of additional information surrounding the circumstances of the traffic stop.

In Motion in Limine No. 2, the government asks for an order sequestering potential witnesses except the case agents pursuant to Fed. R. Evid. 615. The Court noted the defense objection to the government's case agent sitting at counsel table, granted the motion, and informed the defense that Mr. Hallmon's investigator would be permitted to remain in the courtroom on the same terms as the government's case agent.

Third, the government seeks an order precluding the defense from referring to the potential penalties faced by Mr. Hallmon if convicted of the offense alleged in the Indictment. The government's Motion in Limine No. 3 is granted.

Fourth, the government asks the Court to limit defense cross-examination of any witness regarding prior bad acts or convictions of the witnesses to only those matters permitted under Fed. R. Evid. 404, 608, and 609. Motion in Limine No. 4 was granted, and the parties appeared to agree that there are currently no known issues of concern. If anything changes, the Court instructed the defense to raise the issue in advance prior to initiating questioning in the presence of the jury.

**B.  Motion in Limine No. 5 (ECF 113)**

The government asks the Court to admit evidence of Mr. Hallmon's prior felony conviction in Ramsey County for possession of a firearm by an ineligible person from September 19, 2007 pursuant to Fed. R. Evid. 404(b)(2). Evidence of another crime or bad act may not be admitted to prove a person's character in order to show that the person acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(b)(1). Rule 404(b) allows trial courts to admit evidence of previous crimes for non-

propensity purposes, such as a person's knowledge, motive, or intent. Fed. R. Evid. 404(b)(2).

However, "[m]ere recitation of [Rule 404(b)'s permissible purposes] without an accompanying case-specific analysis risks couching criminal propensity in terms of knowledge, intent, or lack of mistake. Rule 404(b), by its own terms, requires more." *United States v. Cotton*, 823 F.3d 430, 435 (8th Cir. 2016); *United States v. Drew*, 9 F.4th 718, 726–27 (8th Cir. 2021) (Kelly, J., concurring) (same); *United States v. Harrison*, 70 F.4th 1094, 1099 (8th Cir. 2023) (Stras, J., concurring in the judgment) ("The truth is that a prior conviction is irrelevant in most actual-possession cases, unless, of course, the whole point is to allow the jury to make a propensity inference."). Under Eighth Circuit precedent, "evidence of a defendant's previous firearm possession *can* be relevant to prove knowledge and intent. . . . But . . . it is not enough for the government simply to claim, in any firearm case, that such evidence 'goes to the defendant's knowledge and intent' and therefore meets the relevance prong of [the] 404(b) test." *Drew*, 9 F.4th at 726 (Kelly, J., concurring). If there is a "proper purpose for evidence of a prior conviction, the conviction may be admitted if it is (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *Cotton*, 823 F.3d at 434 (quotations omitted).

The government asserts that the evidence of Mr. Hallmon's 2007 conviction is admissible for the limited purposes of establishing knowledge of and intent to possess the loaded firearm, his familiarity with and opportunity to acquire firearms and ammunition,

and/or the absence of accident or mistake in the circumstances of this case. Specifically, the government asserts that the events that led to the 2007 conviction were similar to those involved in this case, and most importantly, that Mr. Hallmon made statements about that incident indicating that he would claim that the firearm discovered in his bedroom belonged to another person. According to the government, Mr. Hallmon's defense in this case will be to claim that the firearm and ammunition at issue belonged to another occupant of the vehicle, he had no relationship to those items, and that he had no control over either. Therefore, the government argues that the 2007 conviction for unlawful possession of a firearm is admissible for a non-propensity purpose. In support of its position, following the pretrial conference, the government provided the Court with a brief transcript and a recording of Mr. Hallmon's statements.

The Court finds that the government has, commendably, done more than merely recite Rule 404(b)'s permissible purposes by arguing that the prior conviction goes to his knowledge and intent as well as to undermine his defense that the gun belonged to another person. However, having reviewed the relevant materials, the Court denies the government's Motion in Limine No. 5. First, the Court finds that the government's introduction of the 2007 conviction presents great risk of allowing a forbidden propensity inference. The government proposes to introduce the 2007 conviction (and evidence collateral to it) to tell the jury that when Mr. Hallmon previously was accused of unlawfully possessing a firearm, he suggested that he could avoid responsibility by blaming another. This theory still implicates Rule 404(b)(1)'s forbidden purposes because it suggests that Mr. Hallmon knowingly possessed the firearm and ammunition at

issue and once again blamed another person. This is prohibited propensity evidence as well.

Second, based on its review of the transcript and the recording of Mr. Hallmon's statements regarding the incident leading to the 2007 conviction, the Court finds scant support for the notion that Mr. Hallmon's comments reveal a similarity between his likely defense in this case and an attempt to shift blame in connection with the prior case. In fact, during the interrogation Mr. Hallmon accepted responsibility. The passing suggestion that the gun could have belonged to someone else had more to do with his frustration with his treatment by police than it did with a plan to shift blame to another person.

Finally, the Court finds that admitting the 2007 conviction would require the introduction of collateral evidence to demonstrate any non-propensity purpose it might serve, which would risk distracting the jury from the relevant issues in this case. Namely, to demonstrate the relevance of the prior conviction, the government would need to introduce evidence concerning the statements Mr. Hallmon made and further describe the circumstances of how the gun was found. This would lead to a response from the defense, through cross-examination or otherwise, to counter the government's version of events. And that would all amount to a sideshow entirely collateral to the issues that should be the focus of the trial in this case—whether Mr. Hallmon knowingly possessed ammunition *in August of 2022*, not whether he knowingly possessed a firearm more than sixteen years ago.

### C. Motion in Limine No. 6 (ECF 114)

The government seeks an order permitting it to introduce evidence of five prior convictions for Mr. Hallmon (four felonies, and one misdemeanor), for purposes of impeachment if he elects to testify at trial. Motion in Limine No. 6 is granted in part. The motion is granted to the extent that if he chooses to testify, the government may use the following convictions for purposes of impeachment: (1) third degree drug sale (felony) from 2019; (2) fifth degree drug possession (felony) from 2015; and (3) giving peace officer false information (misdemeanor) from 2013. The Court reserved ruling on whether to allow the government to use a felony conviction for a Stearns County third degree drug sale from 2011. In addition, the Court will determine the admissibility f the 2007 firearm conviction after hearing more about Mr. Hallmon's intended testimony.

### D. Motion in Limine No. 7 (ECF 115)

In Motion in Limine No. 7, the government requests permission to introduce evidence of drug possession and use by Mr. Hallmon that it argues is intrinsic to the charged offense and gave rise to the search of his vehicle. The motion was granted in part such that the government may elicit brief and narrow testimony from Officer LeBaron about the reason he searched the vehicle, subject to the limitations imposed by the Court during the pretrial conference.

### E. Motion in Limine No. 8 (ECF 116)

The government asks the Court to issue an order precluding the defense from presenting questions, evidence, references, or arguments concerning national or local

controversies regarding pretextual stops, expansions of stops, or searches by police officers. This motion was granted.

### F. Motion in Limine No. 9 (ECF 117)

The government seeks an order precluding the defense from referring to Mr. Hallmon's family circumstances at the time of the offense, including the recent death of a child that are (a) based on hearsay statements, and/or (b) are offered without first requesting a sidebar with the Court to determine relevance and admissibility. The Court reserved ruling on this issue pending further developments and instructed Mr. Hallmon to present a letter brief if he seeks the admission of his own hearsay statements.

## II. Mr. Hallmon's Motions in Limine

### A. Motion for Counsel to Participate in Voir Dire (ECF 124)

Mr. Hallmon asks that his counsel be given the opportunity to conduct voir dire by asking follow up questions of jurors after the Court completes its voir dire. He seeks up to thirty minutes for his counsel to question the panel. The Court denied this motion, but explained its procedure for voir dire, including providing each side a reasonable opportunity to discuss follow-up questions with the Court with respect to prospective jurors.

### B. Motion to Exclude Evidence of Other Alleged Bad Acts (ECF 125)

#### 1. 2018 Incident

Mr. Hallmon indicates that the government provided notice of its intent to introduce evidence of a 2018 incident where police allegedly seized a gun from his person. He represents that the government subsequently notified the defense that it would

not be offering evidence of the 2018 incident. The government confirmed it would not introduce such evidence at the pretrial conference. The motion is granted in part with respect to this incident.

### 2. 2007 State Conviction

Mr. Hallmon asks the Court to exclude evidence of a prior state conviction for felon in possession of a firearm from 2007 pursuant to Federal Rule of Evidence 404(a) because it can serve no purpose other than to indicate a propensity to carry a gun and has no probative value toward any permitted purpose under Rule 404(b). The motion is granted, consistent with the Court's ruling on the government's Motion in Limine No. 5.

**IT IS SO ORDERED**.

If this Order can be read to contradict any rulings from the pretrial conference, the discussion at the conference controls the question. If the parties have any questions regarding the Court's rulings or need further clarification, they are instructed to email chambers.

### III. Mr. Hallmon's Motion to Dismiss (ECF 130)

Mr. Hallmon filed a motion seeking to dismiss the Indictment, arguing that the prohibition in 18 U.S.C. § 922(g)(1) on possession of firearms by felons is unconstitutional on its face and as applied to his case. Mr. Hallmon argues that under *New York State Rifle & Postol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), a regulation prohibiting possession of firearms is constitutionally permissible only when the government can show that it is consistent with the nation's history and tradition of firearms regulation, and because he has only been convicted of non-violent felonies, the

government cannot meet its burden in this case. The relief Mr. Hallmon seeks is foreclosed by the Eighth Circuit's decisions in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023). Accordingly, his motion to dismiss the Indictment is denied.

**IT IS SO ORDERED**.

Date: October 30, 2023

                                                     *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge